UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| HOMESITE INSURANCE COMPANY OF THE MIDWEST *as subrogee of* BILL HEIMANN and JENNIFER HEIMANN, | )<br>)<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CAUSE NO.: 1:11-CV-42<br>) |
| ELECTROLUX HOME PRODUCTS, INC, and SEARS, ROEBUCK & COMPANY, | )<br>)<br>)<br>) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Amend Scheduling Order. (Docket # 54.) Oral argument was heard on the motion on December 20, 2012. (Docket # 56.) For the following reasons, Plaintiff's motion will be DENIED.

### A. *Factual and Procedural Background*

In this subrogation action, Plaintiff Homesite Insurance Company of the Midwest filed suit against Defendants Electrolux Home Products, Inc, and Sears, Roebuck & Company to recover damages it paid to its insureds, Bill and Jennifer Heimann, after a fire in their home. (Pl.'s Mot. to Amend Scheduling Order ¶ 1.) Plaintiff contends that the Heimanns' clothes dryer, which was manufactured by Defendant Electrolux, was the source of this fire. (Pl.'s Mot. to Amend Scheduling Order ¶ 1.)

On March 17, 2011, the parties filed their Report of Parties' Planning Meeting, which set deadlines of October 18, 2011, for Plaintiff's expert disclosures and December 18, 2011, for

1

Defendants' expert disclosures. (Docket # 17.) At the preliminary pretrial conference on March 25, 2011, the Court approved the Report, making its provisions an order of the Court, and set January 18, 2012, as the deadline for the completion of all discovery. (Docket # 19.) The Court later set February 17, 2012, as the dispositive motions deadline. (Docket # 21.)

On October 6, 2011, Plaintiff filed its first motion to amend the scheduling order, requesting a 90 day extension of the expert disclosures and discovery deadlines. (Docket # 27.) The Court granted Plaintiff's motion, extending Plaintiff's deadline for its expert disclosures to January 18, 2012; Defendants' deadline for their expert disclosures to March 19, 2012; and the discovery deadline to May 18, 2012. (Docket # 30.) The Court also *sua sponte* reset the dispositive motions deadline for June 18, 2012. (Docket # 32.)

Three months later, on January 17, 2012, the parties filed a joint motion to amend the scheduling order (Docket # 35), which the Court granted, extending Plaintiff's expert disclosures deadline to April 2, 2012; Defendants' expert disclosures deadline to June 4, 2012; and the discovery deadline to August 6, 2012 (Docket # 39). The Court also reset the dispositive motions deadline to September 5, 2012. (Docket # 40.)

On March 30, 2012, Plaintiff filed its third motion to amend the scheduling order, seeking an extension of the expert disclosures deadlines because of discovery disputes arising from Plaintiff's notice of a 30(b)(6) deposition of an Electrolux representative. (Docket # 41.) The Court granted this motion, giving Plaintiff until June 4, 2012, to deliver its expert witness disclosures and reports and Defendants until August 6, 2012, to deliver theirs. (Docket # 42.)

Two months later, on June 4, 2012, Plaintiff filed its fourth motion to amend the scheduling order (Docket # 45), which the Court also granted (Docket # 46). The deadline for

2

Plaintiff's expert disclosures was extended to September 5, 2012; the deadlines for Defendants' expert disclosures and the discovery deadline were both extended to November 5, 2012; and the dispositive motions deadline was extended to December 5, 2012. (Docket # 46.)

On August 30, 2012, Plaintiff moved to amend the scheduling order for a fifth time, seeking to extend the expert disclosures, discovery, and dispositive motions deadlines once again. (Docket # 47.) According to the motion, the 30(b)(6) deposition of Electrolux's representative was scheduled for August 21, 2012, but was rescheduled after Plaintiff's counsel was in a car accident. (Docket # 47.) The Court granted the motion on August 31, 2012, extending Plaintiff's expert disclosures deadline to December 14, 2012; Defendants' expert disclosures deadline to February 14, 2013; the discovery deadline to February 14, 2013; and the dispositive motion deadline to March 14, 2013. (Docket # 48.) The Order explicitly stated that "[n]o further extensions will be granted." (Docket # 48.)

Nevertheless, Plaintiff filed its sixth Motion to Amend Scheduling Order on December 12, 2012, requesting an extension of Plaintiff's expert disclosures deadline to February 14, 2013, Defendants' expert disclosures deadline and the discovery deadline to April 14, 2013, and the dispositive motion deadline to May 14, 2013. (Docket # 54.) The Court set the motion for a hearing on December 20, 2012, at which the Court heard oral argument from counsel. (Docket # 56.)

According to the motion and counsel's arguments at this hearing, four days after the Court granted the previous extension, Plaintiff's counsel contacted defense counsel to request dates of availability for Electrolux's 30(b)(6) witness (who counsel indicated at the hearing was Carl King), but Mr. King was not available for deposition until November 13, 2012, because of

3

trial preparation in another case. (Pl.'s Mot. to Amend Scheduling Order ¶¶ 7-8.) During Mr. King's deposition on November 13, 2012, Mr. King apparently referenced additional witnesses and documents that Plaintiff maintains require additional discovery and depositions. (Pl.'s Mot. to Amend Scheduling Order ¶ 9.) Plaintiff's counsel indicated at the hearing that she would anticipate conducting two or three additional depositions, possibly of two Electrolux employees and a Sears employee. Plaintiff further maintains that it cannot disclose an expert or produce an expert report until it deposes Electrolux's employees, on whose depositions its expert (or experts) will rely. (Pl.'s Mot. to Amend Scheduling Order ¶ 12.)

At the hearing, Defendants objected to Plaintiff's motion to amend the scheduling order, pointing to the age of the case—the Complaint was filed on December 10, 2010 (Docket # 1)—and the length of discovery already—discovery opened on March 25, 2011 (Docket # 19) and is still open. As such, Defendants ask the Court to enforce the current scheduling order.

### B. *Applicable Law*

Under Federal Rule of Civil Procedure 16(b), "[a] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). The good cause standard focuses on the diligence of the party seeking the extension. *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011); *Smith v. Howe Military Sch.*, No. 3:96-CV-790RM, 1997 WL 662506, at *1 (N.D. Ind. Oct. 20, 1997). To demonstrate good cause, a party must show that despite its diligence, the time table could not reasonably have been met. *Smith*, 1997 WL 662506, at *1.

### C. *Analysis*

In an apparent effort to show good cause, Plaintiff argues that it learned of the additional depositions and documents it purportedly needs to obtain to prepare its expert through Mr.

4

King's deposition, which could not have been conducted sooner because of his unavailability. But other than indicating that these additional deponents are two Electrolux employees and a Sears employee, Plaintiff does not identify who they are or specifically how their testimony is necessary to making its expert disclosures. Nor does Plaintiff explain why, in the almost 21 months that discovery has been open, these witnesses could not have been discovered, and therefore deposed, sooner. Moreover, Plaintiff does not provide any details whatsoever about the additional documents it claims to need, let alone how those documents are essential to its expert witness disclosures. This lack of detail, seemingly essential for any showing of good cause, dooms Plaintiff's motion. *See, e.g., Smith*, 1997 WL 662506, at *3 (declining to find good cause for an extension of the expert report deadline where plaintiff failed to demonstrate how he exercised due diligence in securing the expert and attempting to meet the expert report deadline).

At this point, the Court has amended the scheduling order five times—all but one at only Plaintiff's request—and overall has given Plaintiff an extra 14 months to disclose its experts and, by the time discovery closes in February 2013, a generous 23 months to conduct discovery in a case that is already two years old. *See Stelor Prods., Inc. v. Oogles N Googles*, No. 1:05-cv-0354-DFH-TAB, 2008 WL 5062786, at 2 (S.D. Ind. Nov. 21, 2008) (noting that "[g]iven the numerous times the parties have requested and received enlargements of the [Case Management Plan] deadlines, the Court must carefully scrutinize whether any additional enlargements are justified" and that this was "especially true" given that the action had been pending for over two and a half years). Moreover, when granting Plaintiff's last extension, the Court explicitly stated that no further extensions would be granted. (Docket # 48.) Therefore, the Court could not have

5

more clearly communicated to Plaintiff that these deadlines would not be moved and that it should be ready to disclose its experts and produce their reports by December 14, 2012, which included conducting any discovery needed to prepare them.

Furthermore, Plaintiff has two attorneys on this case, at least one of whom admits to being familiar with this type of case and using the same experts who are also well versed in cases of this sort. Based on counsel's familiarity with this kind of case, the somewhat formulaic nature of these cases, and the already lengthy period of time Plaintiff has had to make its expert disclosures—almost 21 months from the date of the preliminary pretrial conference to the December 14, 2012, deadline—Plaintiff should be in a position to makes its expert witness disclosures. As such, Plaintiff has failed to show that, despite its diligence, the expert disclosures deadline could not reasonably have been met. *Smith*, 1997 WL 662506, at *1.

Accordingly, Plaintiff has failed to show good cause for amending the scheduling order a sixth time. "[T]his Court takes seriously the scheduling orders it issues—and so should the litigants." *S.E.C. v. Lipson*, No. 97 C 2661, 1999 WL 104357, at *2 (N.D. Ill. Feb. 24, 1999). "[A] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Id*. (internal quotation marks and citation omitted); *see Custom Foam Works, Inc. v. Hydrotech Sys., Ltd.*, No. 09-cv-710-MJR, 2011 WL 2161106, at *3 (S.D. Ill. June 1, 2011) ("[D]eadlines have meaning and consequences.") (collecting cases). "One who decides to follow a schedule of his own devising, for reasons of his own invention, has no legitimate complaint when the tribunal adheres to the rules." *Vakharia v. Little Co. of Mary Hosp.*, No. 94 C 5599, 2002 WL 485362, at *5 (N.D. Ill. Mar. 29, 2002) (quoting *White v. Bensten*, 31 F.3d 474, 476 (7th Cir. 1994)).

If the Court granted Plaintiff's motion, discovery would be extended an additional two months, until April 14, 2013, allowing almost 25 months of discovery, and the dispositive motions deadline would have to be reset yet again, needlessly delaying prosecution of a case that is already two years old. But the numerous extensions of the expert disclosures and discovery deadlines in this case have provided Plaintiff with ample opportunity to conduct its needed discovery and prepare its experts. As such, the current deadlines for Defendants' expert disclosures, the close of discovery, and the filing of dispositive motions will not be changed. The Court recognizes, however, that, during the pendency of this instant motion, the deadline for Plaintiff's expert witness disclosures has passed. Therefore, the Court will extend the time for Plaintiff to disclose its experts, and for those experts to prepare reports based on the information currently at hand, to and including January 7, 2013.

### *D. Conclusion*

For the foregoing reasons, Plaintiff's Motion to Amend Scheduling Order (Docket # 54) is DENIED. Plaintiff, however, is afforded until and including January 7, 2013, to make its expert witness disclosures.

SO ORDERED.

Entered this 21st day of December, 2012.

s/Roger B. Cosbey  
Magistrate Judge  
United States District Court